IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Zee Zee Zela Zurro, ) | |
| ) | CA No. 8:11-682-TMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Major Joe Norris, Capt. Brunason, Nurse Jeannie ) | |
| Hugher, Nurse G. Kelly, Dr. Wilner, Dr. Anderson, ) | |
| Sgt. Debra Hines, Lt. Marilyn James, Lt. Michael ) | |
| Brown, CO Brandon Doyle, CO Nicole Eaddy, ) | |
| CO B.J. Tanner, Sgt. Paige, Lt. Bruce Redden, ) | |
| CO Dwight Talton, CO Greg Parish, CO K. Canty, ) | |
| CO Patrick McIver, CO Joseph Thompson, ) | |
| CO Travis Taylor, CO NFN Brown, ) | |
| CO NFN Brown #2, CO NFN Hall, CO NFN Barr, ) | |
| CO NFN Miles, CO NFN Free, CO NFN Feagin, ) | |
| CO NFN Ingrahm, CO NFN Morgan CO NFN ) | |
| Timmons, CO NFN Smith, CO NFN Carter, CO ) | |
| NFN Bing, CO NFN Speight, CO NFN ) | |
| Bulgajewski, CO NFN Johnson, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Zee Zee Zela Zurro (Zurro) filed this complaint against the various defendants, who are or were employees of the Florence County Detention Center (FCDC), pursuant to 42 U.S.C. § 1983. (Dkt. No. 1.) This matter is before the court for review of the Report and Recommendation (Report) of the United States magistrate judge made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina. (Dkt. No. 54.) [1]

---

[1] The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Report recommends granting the defendants' motion for summary judgment (Dkt. No. 34).[2] The court adopts the Report and grants the defendants' motion for summary judgment. (Dkt. No. 34.)

## I.

The Report adequately sets out the facts and procedural history, and the court incorporates the Report here. Briefly, in his complaint, Zurro alleged claims of excessive force, pain and suffering, emotional distress, and cruel and unusual punishment stemming from eight separate incidents. (Dkt. No. 1 at 3–7.) Subsequently, the defendants filed a motion for summary judgment. (Dkt. No. 34.) The magistrate judge filed the Report on December 9, 2011. (Dkt. No. 54.) In the Report, the magistrate judge recommended granting the motion for summary judgment against a number of defendants for insufficient service of process and against all defendants for failure to exhaust administrative remedies. (*Id*. at 10–11.)

Zurro timely filed his objections to the Report. (Dkt. No. 65.) The court construes two specific objections to the Report. First, Zurro states that he relied upon the U.S. Marshals Service to effectuate service. (*Id*. at 2.) The court construes his statement to implicitly allege any failure of service is the fault of the Marshals Service. Second, he states that his case should not be dismissed for failure to exhaust administrative remedies because he filed multiple grievances against the defendants without receiving a response. (*Id*. at 5.)

---

[2] As the magistrate judge notes in the Report, Drs. Wilner and Anderson appear only in the caption of the complaint; they were never served and are not parties to the motion for summary judgment. (Dkt. No. 54 at 1–2 n.2.) Furthermore, the body of the complaint contains no allegations against either doctor. Therefore, the court also adopts the magistrate judge's recommendation that the complaint be dismissed against Dr. Wilner and Dr. Anderson for failure make allegations based upon their conduct. *Trulock v. Free*, 275 F.3d 391, 402 (4th Cir. 2001) (stating that § 1983 liability is based upon a defendant's own constitutional violations); *see also* 28 U.S.C. § 1915 (e)(2)(B)(ii) (stating that the court should dismiss a complaint from a party proceeding in forma pauperis "if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted").

## II.

Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c)(2). "At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (citing Fed. R. Civ. P. 56(c)).

## III.

The court will first address the failure to exhaust administrative remedies. As the magistrate judge notes in the Report, the Prison Litigation Reform Act (PLRA) provides that "no action shall be brought with respect to prison conditions under section 183 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Congress created this limitation to allow prison officials the opportunity to take corrective action if necessary, to reduce prisoner litigation in federal courts, and to provide the contours of any federal litigation. *Porter v. Nussle*, 534 U.S. 516, 524–25 (2002). The PLRA's requirements are mandatory and apply to "all inmate suits about prison life, whether they involved general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 524; *see also Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 67 (4th Cir. 2005) (stating that the prerequisite of exhaustion is strictly enforced and must be completed prior to filing a complaint). To survive the defense of failure to exhaust in a motion for summary judgment, an inmate must produce evidence that refutes the claim that he failed to exhaust. *Hill v. Haynes*, 380 F. App'x 268, 270 (4th Cir. 2010) (unpublished opinion) (stating "to withstand a motion for summary judgment,

the non-moving party must produce competent evidence sufficient to reveal the existence of a genuine issue of material fact for trial").

Exhaustion is defined by each institution's administrative grievance process. *Jones v. Bock*, 549 U.S. 199, 218 (2007). The FCDC has a procedure in place to handle prisoner grievances. (Dkt. No. 34-3 ¶ 3.) The inmate must first file an Inmate Request Form stating the grievance, which is then taken to the appropriate person. Following the initial findings, the grievance may be appealed. (*Id*. ¶¶ 4–6.) Despite his statement that he filed several request forms without any response (Dkt. No. 65 at 5), Zurro filed numerous Inmate Request Forms and received responses from the appropriate prison officials. (*Id*. ¶ 7; *Id*. at 4–6; Dkt. No. 65-2 at 11–14, 22; Dkt. No. 65-5 at 1.) However, following these decisions, Zurro did not file any appeals, and he has not submitted any evidence creating an issue of fact in that regard.[3] As such, the court holds that Zurro has failed to demonstrate a genuine issue of material fact as to the exhaustion of administrative remedies.[4]

After a thorough review of the Report and the record in this case, the court adopts the Report and incorporates it herein. (Dkt. No. 54.) It is therefore **ORDERED** that the motion for summary judgment (Dkt. No. 34) is **GRANTED**. Zurro's complaint is **DISMISSED** without prejudice. Further, the complaint as to Dr. Wilner and Dr. Anderson is also **DISMISSED** without prejudice..

---

[3] The court notes that of the eight incidents outlined in his complaint, Zurro filed Inmate Request Forms as to Incident Nos. 5 and 6. (Dkt. No. 1 at 5–6.) He did not file Inmate Request Forms as to any of the other alleged incidents and therefore could not have exhausted his administrative remedies as to any of his other allegations.

[4] In light of the court's holding as to failure to exhaust administrative remedies, the court need not address the Report's recommendation in regards to insufficient service of process. The court's decision is dispositive of this case.

**IT IS SO ORDERED.**

                                                s/Timothy M. Cain
                                                Timothy M. Cain
                                                United States District Judge

Greenville, South Carolina
February 6, 2012

**NOTICE OF RIGHT TO APPEAL**

      The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.